160 So. 255

**FARMER et al. v. ENGLISH et al.**

4 Div. 752.

Supreme Court of Alabama.

Jan. 24, 1935.

Rehearing Denied Feb. 21, 1935.

Further Rehearing Denied April 4, 1935.

Simmons & Simmons, of Opp, for appellants.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellees.

FOSTER, Justice.

This is an action at law tried by the court without a jury on an agreed statement of facts.

Appellants claim of appellee and the surety on his bond as register of the circuit court, in equity, an amount as their share of the proceeds of the sale of land for division had in a proceeding in that court. Their share, as stated in the bill in this cause, was one-third of the net proceeds. They are parties to it and were minors. The next step shown by the record, after the filing of the bill, is a decree of the court adjudging that complainant is entitled to relief as to a portion of the land but not so as to another portion. It then ordered the register to sell that portion first described, pursuant to the rules which apply to sales of realty by the sheriff under execution, and ordered a reference to the register to ascertain and report the amount of a reasonable sum for complainants' solicitors and for the guardian ad litem, and reserved all other matters until the coming in of the reports. The next step in the proceeding is the notice of sale, then the report of sale, but no report was made on the reference as to the amount of the fees for the solicitors and guardian ad litem. The report of sale alleged payment to the register of the purchase price, and it was duly confirmed and deed ordered to be made.

The decree of confirmation then directed the register to pay, out of the proceeds, the costs, including attorneys' fees and guardian ad litem fee, and all taxes due to be paid, "and all the remainder or balance of the proceeds of said sale, he will pay out to the respective parties entitled to share in said proceeds as set forth in the bill and testimony on file." This was the last decree or order of court in that cause. So that the court did not fix the amount of the attorneys' fee or that of the guardian ad litem, or amount of the taxes, nor was there an agreement shown to have been made respecting these amounts.

But the facts agreed on in this suit contain a statement that "one-third of the sale price of the land involved after the payment of the attorneys' fees, expense and costs was the sum of $1145.00."

The decree of confirmation was dated January 21, 1925. Appellants were minors but had no guardian, and appellee, as register, paid nothing to them nor to a guardian for them, and no demand was made on him until shortly before this suit was begun. He resigned as register in February, 1926, having in his custody their share of the proceeds of the sale. One Livings became his successor. Appellee turned over to Livings $896.06 on account of that fund, and made an agreement with him as to the balance of $275.94, by

which Livings was to collect that amount of cost due appellee and apply it also to that fund. He concedes liability for the latter sum and the court fixed that as the extent of such liability, and appellants appeal and contend that he should also recover the said sum of $869.06 and interest.

The duty of appellee in respect to the fund in question is controlled by section 6516, Code. Under that section he should pay over to his successor "any money held by him subject to the further order, decree or judgment of any court, * * * and upon such payment, shall be discharged from further liability therefor." Section 5028, Code, makes it a misdemeanor to fail in that respect, referring to the fund as one "held by him subject to the further order of any court."

This is evidently a restriction upon section 2683, Code, as to the sheriff, clerk or registers, or probate judge, since they are specifically referred to in section 5028, Code, and the register in section 6516, Code.

■ The question at issue therefore is dependent upon whether, at the time appellee resigned, the fund was subject to the further orders of the circuit court, in equity, in which it originated, for no other court had assumed jurisdiction. When the register resigned and paid the money to his successor, that court had not fixed the amount of the attorneys' fees and guardian ad litem fee (see section 8259, Code), though it had found that such fees were payable, nor the amount of taxes due to be paid, and the costs were to be taxed. The decree of confirmation purported to confirm a report on reference, but there was no such report. The decree taken alone did not require the register to distribute the fund until such amounts had been ascertained. The register was also directed to pay the money to the respective parties entitled to share in said proceeds, as set forth in the bill and testimony. After that decree, the court undoubtedly had the power further to direct the register as to any of those items, and even to retax the costs so as thereby to change the amount which the register might determine was due the parties, and to review the action of the register in determining the respective shares of each of the parties as shown by the bill and testimony. The court did not fix their shares, but that remained under its power.

It therefore clearly appears that when appellee paid over to his successor a sum of money as a portion of that held for appellants, the fund was then subject to the orders of the court.

■ The agreed statement of facts fixing $1,145 as the amount of one-third of the proceeds of the sale less the attorneys' fees, expense, and costs, can only be treated as an agreement to fix the liability as of its date, and not to establish a status binding on the parties as of the time when appellee resigned and paid over the fund to his successor. His duty under the statute depended upon whether at that time the court had control of the fund, not upon what they may agree is the status at a later day. And since that amount is by that agreement fixed, it was due to be paid to the guardian for appellants. When demand was made for it, appellee tendered the $275.94 remaining in his hands, and the agreement is that such tender has been kept good. In view of the tender which was made and kept good, we think the circuit court correctly held that appellants can only recover of appellees the principal sum of $275.94.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.